UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ARIANA PRICE                                                    PLAINTIFF

vs.                          CASE NO. 10-2152

USAA CASUALTY INS. CO., ET AL.                                  DEFENDANTS

ORDER

Now on this 10th day of January, 2011, the above referenced matter comes on for this Court's consideration of plaintiff's **Motion for Remand** (document #12). The Court, having reviewed the pleadings of the parties, and all other matters of relevance before it, and being well and sufficiently advised, finds and orders as follows:

1. The plaintiff commenced this lawsuit in the Circuit Court of Sebastian County, Arkansas on September 2, 2009. On September 20, 2010, the plaintiff filed a Second Amended Petition in state court, asserting for the first time a putative class action, all other complaints having asserted only an individual action. The complaint asserts that defendants improperly collected on subrogation claims against third-party tortfeasors and their insurers in connection with defendants' Arkansas auto insureds' first-party claims under their medical benefits and personal injury protection coverages.

2. On October 13, 2010, the defendants removed the matter to this Court.

In the notice of removal, defendants assert that the action

may be removed to this Court pursuant to the Class Action Fairness Act, and that the action is a "class action" within 28 U.S.C. § 1332(d)(1)(A), (B) and 1453(a). The defendants also assert that "there is diversity of citizenship between Plaintiff and Defendants; there are at least 100 putative plaintiff class members; and that the amount of controversy exceeds $5,000,000, exclusive of interests and costs."

3. Plaintiff now move this Court to remand the matter to state court, alleging that there is no basis for federal diversity jurisdiction. The plaintiff argues that this Court lacks subject matter jurisdiction because the putative class action fails to meet the minimum amount in controversy prescribed by 28 U.S.C. § 1332(d)(2).

4. 28 U.S.C. § 1332(d)(2) of the Class Action Fairness Act provides that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs . . ."

5. Plaintiff's complaint states "Plaintiff does not possess sufficient knowledge as to the amount of the monetary loss sustained by the Class, but believes that the claim of each member of the Class will be less than $5,000.00; that the aggregate amount in controversy will exceed $75,000.00, but be less than $5,000,000.00, exclusive of attorney's fees and costs."

6. However, defendants argue that the potential damages can

be calculated as follows:

| | |
|---|---|
| Actual subrogation collected for the past five years: | $1,873,277.48 |
| Additional year of collection during litigation: | 375,000.00[1] |
| 12% Penalty: | 269,793.00 |
| 33.3% Attorneys Fees: | 839,355.83 |
| TOTAL | $3,357,426.31 |

Additionally, defendants point out that plaintiff seeks "any and all other just, legal and proper relief to which Plaintiff and the Class may show themselves entitled;" and, because plaintiff's claim for conversion in Count III is a claim for which both compensatory and punitive damages are awardable, punitive damages should be included in the amount in controversy calculation. Further, defendants argue that it follows that even a very low punitive/compensatory damages ratio would cause the total damages in controversy to exceed the $5,000,000.00 requirement.

7. When a defendant seeks to invoke federal jurisdiction through removal, it bears the burden of proving that the jurisdictional threshold has been satisfied by a preponderance of the evidence. <u>Bell v. Hershey</u>, 557 F.3d 953 (8th Cir. 2009). And, "[o]nce the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand

---

[1] Although this calculation includes only one additional year of damages during the pendency of this matter, defendants argue that at least two additional years should be calculated into the damages to account for the period of time this case will likely be in litigation ($375,000 X 2). Obviously, an additional $375,000 would increase the amounts collectable as part of the 12% penalty and attorney's fees as well. Plaintiff notes that this matter has been set for trial the week of October 31, 2011, and that there is no reason that this matter cannot be resolved within that period.

is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." Id.

8. The plaintiff argues: that she did not ask for punitive damages in her complaint; that the only cause of action in her complaint that would allow for punitive damages is the count for conversion; that under Arkansas law, punitive damages are only recoverable in a conversion action if plaintiff can "show that the defendant intentionally exercised control or dominion over the plaintiff's property for the purpose of violating his right to the property or for the purpose of causing damages," City Nat. Bank of Fort Smith v. Goodwin, 783 S.W.2d 335, 338 (Ark. 1990); and, that plaintiff has not alleged that defendants' conduct involved the requisite intent to warrant punitive damages.

Defendants counter that neither plaintiff's Second Amended Complaint nor plaintiff's counsel have disclaimed an award of punitive damages, choosing instead to seek "any and all other just, legal and proper relief to which Plaintiff and the Class may show themselves entitled;" and, defendants further point out that in plaintiff's two prior complaints she expressly sought punitive damages. Defendants further cite to Rule 54(c) of the Federal Rules of Civil Procedure which provides that the court should award "relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."

9. Following a thorough review of the pleadings and the

arguments made by the parties, the Court finds that defendants have proven by a preponderance of the evidence that the jurisdictional minimum is satisfied.

Further, although, plaintiff argues that punitive damages should not be included in the damages calculation, considering the fact that plaintiff has *not* disclaimed punitive damages, this Court does not find that plaintiff has shown *to a legal certainty* that her claim is for less than the requisite amount.

**IT IS, THEREFORE, ORDERED** that plaintiff's **Motion for Remand** (document #12) is **denied.**

IT IS SO ORDERED.

/S/JIMM LARRY HENDREN
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE