IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DANIEL PRICE, Individually,
and On Behalf of All Others
Similarly Situated                                                                        PLAINTIFF

V.                                          NO. 10-2152

UNITED SERVICES AUTOMOBILE
ASSOCIATION, USAA CASUALTY
INSURANCE COMPANY, USAA GENERAL
INDEMNITY COMPANY, and USAA                                                DEFENDANTS

**O R D E R**

On June 17, 2011, the Court conducted a telephonic hearing on **Defendants' Motion for Protective Order (Doc. 32), Plaintiff's Motion to Compel (Doc. 36) and Defendant's Motion To Compel (Doc. 41).** By Order dated June 9, 2011, the Court deferred ruling on the Defendants' Motion for Protective Order and Plaintiff's Motion to Compel until a ruling was issued on Plaintiff's anticipated motion for extension of the deadline for filing a class certification motion. (Doc. 39). By text order entered on June 13, 2011, United States District Judge P.K. Holmes extended the deadline for filing a Motion to Certify the Class until June 23, 2011. By text order entered on June 14, 2011, Judge Holmes terminated the deadlines set forth in the Final Scheduling Order, and directed that an amended scheduling order would be issued upon resolution of the issue of class certification.

The Court has reviewed the recent case cited by Plaintiff's counsel during the telephone conference - Riley v. State Farm Mutual Automobile Insurance Company, 2011 Ark. 256 (June 16, 2011)- and finds that the facts in that case are distinguishable from those in the present case,

AO72A
(Rev. 8/82)

based upon what Plaintiff has pled in his Third Amended Petition. (Doc. 21). In the present case, the Plaintiff has sought monetary damages in addition to declaratory relief. Therefore, in accordance with the telephone conference on the above referenced motions, the Court hereby rules as follows:

1. **Defendants' Motion to Compel (Doc. 41)**

The Court finds that the information requested by Defendants is relevant and discoverable, and the motion is hereby **GRANTED**. Plaintiff is directed to provide the Defendants with the information requested in the motion by **June 27, 2011**. In addition, Plaintiff is directed to execute the necessary HIPPA authorization for the release of medical records pertaining to his injuries, since Plaintiff has placed the amount of his medical damages in issue by alleging, in Paragraph 36 of his Third Amended Petition, that he has not been "fully compensated" or "made whole" by his "settlement with Farmers." (Doc. 21 at p. 8).

2. **Plaintiff's Motion to Compel (Doc. 36)**

Plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**.

The motion is granted as to Plaintiff's Request for Production # 2 and Request for Production #10, to the extent Plaintiff seeks the incentive program documents that were in place when Plaintiff's claim was managed and the forms referenced in Plaintiff's claim file. This information should be provided to Plaintiff by **June 21, 2011.**

The motion is **DENIED** with respect to the remaining discovery requests in Plaintiff's motion, without prejudice to Plaintiff's right to seek the information in the event the class is certified and Plaintiff can demonstrate the information sought is discoverable.

3. **Defendants' Motion for Protective Order (Doc. # 32)**

The motion is **GRANTED**, except as to the documents outlined above ordered to be produced by the Defendants.

IT IS SO ORDERED this 17th day of June, 2011.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)