IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DANIEL PRICE, Individually and on Behalf
of All Others Similarly Situated                                          PLAINTIFF

v.                                    Case No. 2:10-CV-02152

USAA CASUALTY INSURANCE COMPANY;
UNITED SERVICES AUTOMOBILE ASSOCIATION;
USAA GENERAL INDEMNITY CO; and USAA                                DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Currently before the Court is the Report and Recommendations ("R&R") (Doc. 70) filed herein on December 19, 2011 by the Honorable Erin L. Setser, United States Magistrate Judge for the Western District of Arkansas.  Also before the Court are Defendants' Objections (Doc. 71).

On July 18, 2011the undersigned referred Plaintiff's Motion to Certify Class to Magistrate Judge Setser.  During the process of reviewing that Motion, the Magistrate became concerned that this Court may not have jurisdiction over the instant action.  Magistrate Judge Setser informed the undersigned of this concern and conducted a telephonic hearing on October 25, 2011 during which she directed the parties to file briefs concerning whether or not the Court has subject matter jurisdiction in this case.  Subsequently, Defendants filed a brief (Doc. 65), Plaintiff filed a responsive brief (Doc. 66), and Defendants filed a reply brief (Doc. 69).  The issue having been fully briefed, Magistrate Judge Setser issued her R&R recommending that the instant action be remanded to state court.

For the reasons stated herein, the Court declines to adopt the recommendation contained in the R&R and finds that the Court may exercise jurisdiction over the instant action.

-1-

**I. Discussion**

   **A. Finding as to Statutory Attorneys' Fees and Penalties**

   The R&R found that "there does not appear to be any statutory basis for an award of attorney's fees or a penalty in this action" and concluded that "such amounts should not be included in calculating the amount in controversy." The undersigned agrees, and the Court adopts in full the R&R's reasoning as it relates to the applicability of including statutory attorneys' fees and a twelve percent statutory penalty in calculating the amount in controversy in this case. Because the Court conducts a *de novo* review as to all findings and conclusions of the R&R to which Defendants object, the Court will set forth its own reasoning as to the merits of those objections, but will refer to the R&R where the reasoning of the undersigned is aligned with the reasoning set forth by Magistrate Judge Setser in the R&R.

   Defendants argue numerous times, both implicitly and explicitly, in their objections that, since Plaintiff admitted and the parties agreed that statutory attorneys' fees and penalties should be included in the amount in controversy, Magistrate Judge Setser should not have questioned their applicability. This argument is legally invalid. Parties cannot simply stipulate to the applicability of a statute to their case. The law is what the law is, and it is for the Court to interpret the law as applied to any particular case, regardless of what either or both parties may argue.

   The Court has, not just an option, but an obligation, to raise the issue of subject matter jurisdiction at any time. *Crawford v. United States*, 796 F.2d 924, 928 (7th Cir. 1986). The Court would have, in fact, been shirking its obligations to refrain from expressing such concerns in this case simply because the parties had agreed, at some point, that certain statutes applied to this case. Furthermore, parties cannot waive a lack of subject matter jurisdiction. Therefore, the fact that

Plaintiff specifically sought, and did not dispute the propriety of, a 33% statutory attorneys' fees award and 12% penalty award under Arkansas law, is inapposite and irrelevant to the Court's interpretation of the law as applied to this case.

Defendants also argue that Plaintiff may be able to recover a 12% statutory penalty under A.C.A. § 23-79-208 because Plaintiff brings a claim for breach of contract. This argument was addressed in the R&R, and the Court agrees with and adopts in full the R&R's reasoning on this point. Defendants' objections offer neither new law or fact which require departure from the reasoning set forth in the R&R.

Defendants next argue that the R&R was "wrong as a matter of law" in concluding that attorneys' fees are not recoverable in this action under A.C.A. § 16-22-308, which provides for recovery of attorneys' fees in breach of contract actions. Defendants misstate the R&R's finding on this point. The R&R found that the Arkansas legislature had clearly expressed its intent to disallow attorney's fees under A.C.A. § 16-22-308 for claims involving breach of an insurance policy through language set forth in Section 2 of Act No. 135 of 1999. Defendants incorrectly attribute the language quoted by the R&R to A.C.A. § 23-79-208 instead of to the Act itself. The bulk of Defendants' argument relies on this erroneous citation. Defendants then state that "[t]here is no indication that the Arkansas legislature expressed an intent to disallow attorneys' fees under Section 16-22-308 for claims relating to the alleged breach of an insurance policy regarding subrogation issues." In fact, however, the Arkansas legislature clearly stated in Section 5 of Act No. 135 of 1999 that "the provisions of § 16-22-308 regarding the award of attorneys' to the prevailing party in a civil action for breach of contract are expressly superseded by this Act." The Act amended A.C.A. § 23-79-208 which provides for an award of attorneys' fees in insurance cases. It seems to the Court that the

-3-

Arkansas legislature could not have been much clearer in expressing its intent that the specific provisions of A.C.A. § 23-79-208 supersede the provisions of A.C.A. § 16-22-308 in insurance cases.  The Court adopts the sound reasoning of the R&R in regards to the appropriateness of awarding attorneys' fees in this case in this and all other aspects.

The Court finds, therefore, that neither attorney's fees nor a statutory penalty are recoverable in this action and, therefore, may not be included when calculating the amount in controversy.

### B. Finding as to Punitive Damages

The R&R stated that, while Magistrate Judge Setser did not believe it appropriate to reconsider issues concerning punitive damages that had previously been addressed in an Order by Judge Hendren, if she were to consider the parties' arguments as to punitive damages she would not include punitive damages in the amount in controversy calculation.  The Court declines to adopt the reasoning or conclusions contained in the R&R pertaining to punitive damages.

First, the Court disagrees that it would be inappropriate to consider whether punitive damages should be included in the amount in controversy simply because that issue has been previously addressed by Judge Hendren in this case.  When concerns about whether the Court has jurisdiction are raised - whether by the parties or by the Court *sua sponte* - the Court should consider the complete picture when determining whether it can properly exercise jurisdiction.  The Court can raise the issue of jurisdiction at any time - even after the Court has previously made a ruling as to jurisdiction.  *Bueford v. Resolution Trust Corp.*, 991 F.2d 481, 485 (8th Cir. 1993) (subject matter jurisdiction "may be raised at any time by a party to an action, or by the court *sua sponte*").  In analyzing this issue, the Court must determine whether jurisdiction was established at the time of removal.  It follows, therefore, that consideration of punitive damages issues at this juncture is

-4-

entirely appropriate, and does not amount to a reconsideration of Judge Hendren's opinion, but rather is one necessary part of the Court's complete jurisdictional inquiry. The Court is not blind to the fact that the parties have previously argued this issue and that Judge Hendren has previously issued a ruling taking into account those arguments. This Court may look to that reasoning for guidance, but the Court cannot find that Judge Hendren's ruling is binding as to the this new inquiry into jurisdiction.

Second, Judge Hendren's opinion, in finding that a punitive/compensatory damages ratio of just 0.5:1 would cause total damages to exceed $5,000,000, could not and did not limit plaintiff's potential punitive damages to that ratio. Without the inclusion of attorney's fees or a statutory penalty the compensatory damages recoverable in this action are reduced to the following:

| | |
|---|---|
| Actual subrogation collected: | $1,873,277.48 |
| Additional year of collection:[1] | $375,000.00 |
| TOTAL (compensatory): | $2,248,277.48 |

Given this compensatory damages total, a punitive/compensatory damages ratio of 1.22:1 would cause the amount in controversy to exceed $5,000,000. Generally, single-digit ratios will be considered reasonable. *See, e.g., Moore v. American Family Mut. Ins. Co.*, 576 F.3d 781, 791 (8th Cir. 2009).

The Court is hesitant to adopt the reasoning set forth in the R&R that this is a situation in which events subsequent to removal merely reveal that punitive damages were never available. Instead, the Court finds that, because Plaintiff did not specifically disclaim any entitlement to

---

[1] The Court does not address the argument that two years of subrogation during litigation should be considered, as the Court finds that it may exercise jurisdiction in this case regardless of whether a second year of subrogation is included in the calculus.

punitive damages at the time of removal, recovery of punitive damages in this action was at least possible based on the claims brought by Plaintiff.  Punitive damages are recoverable under Arkansas law for both the tort of conversion and for breach of fiduciary duty. *See, e.g., Graves v. Bullock*, 102 Ark. App. 197 (Ark. App. 2008) (conversion); *Stine v. Sanders*, 66 Ark. App. 49 (Ark. App. 1999) (breach of fiduciary duty). While it does not seem to the Court that Plaintiff specifically pleaded the kind of intentional or malicious conduct which would allow for the recovery of punitive damages,[2] it also does not seem that Plaintiff's pleadings foreclosed that possibility.

In removal cases, the party asserting federal jurisdiction has the burden of proof and must show, by a preponderance of the evidence, that the amount in controversy requirement has been met. *In re Minn. Mut. Life Ins. Co. Sales Practices Litig.,* 346 F.3d 830, 834 (8th Cir. 2003). If Defendants satisfy their burden, remand is nonetheless appropriate if Plaintiffs can establish to a legal certainty that their claim is for less than the requisite amount. *Bell v. The Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009).  The Court finds that Defendants met their initial burden of showing the requisite amount in controversy by a preponderance of the evidence, and Plaintiff has not shown, to a legal certainty, that his claim for relief at the time of removal was less than the statutorily prescribed jurisdictional amount.

Allowing the case to proceed, and the parties and the Court to expend resources, only later to allow a plaintiff to disclaim that punitive damages were ever available would seem to set a precarious precedent.  Judicial efficiency would be better served by analyzing whether punitive

---

[2] *See Allison v. Sec. Benefit Life Ins. Co.*, 980 F.2d 1213 (8th Cir. 1992) (upholding district court finding that to a "legal certainty" the plaintiffs could not recover punitive damages on their claim for conversion where they plead that defendants' failure to pay over funds was due to a wrongful contract interpretation).

damages may be recoverable at the time of removal.  The Court cannot agree with the reasoning in the R&R, therefore, that this is a case governed by the "subsequent revelations" reasoning of *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822-23 (8th Cir. 2011).

## II. Conclusion

After careful consideration and a *de novo* review of the record, the Court adopts, in part, the reasoning contained in the report and recommendations of the Magistrate (Doc. 25), as set forth above, but declines to adopt the conclusion that this action should be remanded to state court. Specifically, the Court finds that attorneys' fees and a statutory penalty are not recoverable in this action.  The Court finds, however, that it may nonetheless properly exercise diversity jurisdiction in this case.

IT IS SO ORDERED this 22nd day of February, 2012.


/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE