IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DANIEL PRICE, Individually and on Behalf
of All Others Similarly Situated                                          PLAINTIFF

v.                                        Case No. 2:10-CV-02152

USAA CASUALTY INSURANCE COMPANY;
UNITED SERVICES AUTOMOBILE ASSOCIATION;
USAA GENERAL INDEMNITY CO; and USAA                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Currently before the Court is the Report and Recommendations ("R&R") (Doc. 73) filed herein on March 16, 2012 by the Honorable Erin L. Setser, United States Magistrate Judge for the Western District of Arkansas. Also before the Court are Plaintiff's Objections (Doc. 74). For the reasons stated herein, the Court adopts the recommendation contained in the R&R and finds that Plaintiff's Motion to Certify Class (Doc. 47) should be denied.

Plaintiff Daniel Price objects to the R&R's conclusion that Plaintiff will not fairly and adequately represent the interests of the putative class, as well as to the reasoning on which that conclusion is based. Plaintiff specifically objects to any findings made in the R&R concerning Plaintiff's lack of knowledge or involvement concerning this litigation and, particularly, his duties as class representative. Plaintiff further objects to the R&R's reasoning that Plaintiff's delay in filing a motion for class certification, among other procedural issues, demonstrates a lack of zeal with which Plaintiff would represent the interests of absent class members. In support of his objections, Plaintiff primarily sets forth the same facts as those relied upon by Magistrate Judge Setser, but requests that the Court view those facts in the context presented by Plaintiff and arrive at the

-1-

conclusion advocated by Plaintiff.

The Court must conduct a *de novo* review to all specified proposed findings and recommendations to which Plaintiff has raised objections.  28 U.S.C. § 636(b)(1).  The Court has, therefore, conducted a *de novo* review of the voluminous pleadings put forth by the parties on the class certification issue.  The findings contained in the R&R, which resulted in the ultimate recommendation that class certification be denied, are centered around Plaintiff's adequacy as a representative in regards to his knowledge of, and involvement in the action, as well as his diligence in pursuing the claims of the class and class certification.  In turn, Plaintiff's objections are also limited to those issues contained in the R&R.  In their pleadings, Defendants raised several other bases on which Plaintiff's Motion to Certify Class should be denied.  However, because the Court finds that the recommendation contained in the R&R should be affirmed and adopted based on the grounds stated, no further analysis is needed in regards to the other issues previously raised by Defendants, regardless of whether those other issues may constitute independent bases for denying class certification.

Having reviewed this case, the Court finds that Plaintiff's objections offer neither law nor fact requiring departure from the Report and Recommendations. As stated in the Report and Recommendation, "Rule 23(a)(4) permits certification of a class action only if the representative 'will fairly and adequately protect the interests of the class.' Fed. R. Civ. P. 23(a)(4)."  *Rattray v. Woodbury County*, 614 F.3d 831, 835 (8th Cir. 2010).  "The party moving for certification bears the burden to prove that [he] will adequately represent the class."  *Id.*  "A named plaintiff who lacks the desire to 'vigorously pursue' the interests of potential class members is not a fair and adequate representative of the class." *In re Milk Prods. Antitrust Litigation*, 195 F.3d 430, 437 (8th Cir. 1999).

Of particular concern to the Court in this regard is Plaintiff's lack of diligence in prosecuting this matter and specifically his delay in seeking class certification.

Plaintiff argues in his objections that the Court's Final Scheduling Order did not have a date by which a motion for class certification must be filed.[1] While this is true, Local Rule 26.1 for the Western District of Arkansas nevertheless notes that "[i]n the typical case, the deadline for filing motions for class certification should be no later than (90) days after the Fed. R. Civ. P. 26(f) conference." In fact, in the parties' Joint Rule 26(f) Conference Report (Doc. 16), Plaintiff requested a deadline of February 28, 2011 for filing a motion for class certification.  Presumably based on their desire to conduct bifurcated discovery (and in accordance with their detailed proposed schedule for conducting such discovery), Defendants requested a deadline for Plaintiff to file a motion for class certification of April 25, 2011.  The Rule 26(f) Report clearly evidences the fact that the parties had discussed, in detail, the timing of Plaintiff's filing of a class certification motion at the conference held on *November 18, 2010.*  Nevertheless, Plaintiff did not file his Motion to Certify Class until June 23, 2011[2] – just four months before the originally scheduled trial date – after being prompted to do so by Magistrate Judge Setser.

_____

[1] The Final Scheduling Order was entered in this case prior to the case being reassigned to the undersigned, and the undersigned cannot speculate as to why a deadline for class certification was not included in the Order.

[2] The Court notes that Plaintiff did file a motion for extension of time to file a motion for class certification on June 9, 2012.  The only reason given by Plaintiff for his delay in filing such motion was that he was busy gathering evidence to support the motion. (Doc. 40, ¶ 3). The Court nevertheless granted the motion for extension via text order dated June 13, 2012. After reviewing Plaintiff's Motion to Certify Class, the Court cannot discern any evidence cited by Plaintiff that would not have been available to Plaintiff had Plaintiff timely and diligently pursued certification. Furthermore, although the Court's order granting the extension allowed the Court to consider Plaintiff's Motion, such extension in no way excused Plaintiff's delay in filing the Motion in relation to the current analysis of Plaintiff's adequacy as class representative.

-3-

Plaintiff also argues that another reason for the delay in filing the motion for class certification was that the original class representative was dismissed from the case and the current Plaintiff was added as a new proposed class representative.  This argument glosses over several important facts.  The original plaintiff in this case, Ariana Price, was dismissed upon *Plaintiff's own motion*, which recognized that Ariana Price's claims were not typical of the alleged class action claims and would be better pursued in an individual state court action.  This action was first styled as a class action in Plaintiff's Second Amended Complaint (Doc. 8), which was filed in state court on September 20, 2010.  Plaintiffs did not move to dismiss Ariana Price as a plaintiff until March 14, 2011 - nearly six months later.  Plaintiff and Plaintiff's counsel were in the best position to know whether Ariana Price's claims were typical of the proposed class.  Plaintiff filed a Motion to Amend Complaint (Doc. 19) on January 18, 2011 to add Daniel Price, Ariana's father, as a plaintiff.  The Motion was granted, and Plaintiff filed the Third Amended Complaint (Doc. 21) on February 10, 2011. The Motion to Dismiss (Doc. 27) Ariana Price was filed just one month later.  These procedural maneuvers did not affect the legal substance of the class claims alleged, and the representative claims of Daniel arose out of the same 2007 accident as those of Ariana.  Daniel Price's substitution as class representative should not have occasioned a long delay in filing a motion for class certification.

Even giving Plaintiff the benefit of the doubt and calculating an additional 90 days from the filing of the Third Amended Complaint for Plaintiff to prepare a motion for class certification, Plaintiff should have filed a motion by mid-May at the very latest. No motion, however, was filed until June 9, 2011 (a motion for extension of time to file a class certification motion) – again, only after Plaintiff was prompted to file a motion by Magistrate Judge Setser.  By any calculation,

Plaintiff has not been diligent in pursuing class certification or in otherwise prosecuting this action. Plaintiff cannot rely on the fact that no specific deadline was set by the Court in its Final Scheduling Order.  Where no deadline is set, a rule of reason should apply, and an engaged plaintiff should, nevertheless, be expected to vigorously pursue his claims.  Furthermore, this matter is not so atypical that the 90 day deadline set forth in the Local Rule 26.1 should not otherwise apply.  Plaintiff has failed to vigorously and diligently pursue the claims of the class that he proposes to represent. On that basis alone, Plaintiff's Motion for Class Certification should be denied.

In addition, the Court further adopts the reasoning set forth in the Report and Recommendations concerning Plaintiff's adequacy as a class representative in all other respects, and finds that Plaintiff is not an adequate class representative, and class certification should be denied. Because of this finding, the R&R did not, and the undersigned need not, address any other potential bases for denying class certification which were previously raised by Defendants.

IT IS THEREFORE ORDERED that, for the above stated reasons, the Report and Recommendations (Doc. 73) is hereby ADOPTED IN ITS ENTIRETY.

IT IS FURTHER ORDERED that Plaintiff's Motion to Certify Class (Doc. 47) is DENIED.

IT IS SO ORDERED this 11th day of July, 2012.

*/s/ P. K. Holmes,* III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE