IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FT. SMITH DIVISION

DANIEL PRICE, Individually, and on
Behalf of All Others Similarly Situated         PLAINTIFF

NO. 10-2152

UNITED SERVICES AUTOMOBILE
ASSOCIATION, USAA CASUALTY
INSURANCE COMPANY, USAA GENERAL
INDEMNITY COMPANY, and USAA         DEFENDANTS

## O R D E R

On this 13th day of July, 2012, the undersigned hereby directs the Clerk to substitute the attached pages 11 and 12 for pages 11 and 12 of the Report and Recommendation entered by the undersigned on March 16, 2012 (Doc. 73), in order to add four words to a sentence that were inadvertently omitted on the second line of page 11. The entire sentence should read "And as I understand it, they shouldn't be."

This substitution does not alter or amend the substance of the report and recommendation, and merely corrects a clerical error.

IT IS SO ORDERED.

             /s/ *Erin L. Setser*
             HON. ERIN L. SETSER
             UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)

insurance from USAA from which they paid the claim. I didn't understand and still don't understand how they now become a party to my settlement with Farmers. And as I understand it, they shouldn't be.

Q. Who are the – what is the class definition in this class action lawsuit?

A. I don't know. I think it's written in some of the documents, isn't it?

Q. What is your understanding of who is in this class?

A. I don't know. I'm not going to study the class thing. I don't feel like I have a need to understand that.

Q. Do you know what type of damages, damages or relief, is being requested in this class action lawsuit?

Mr. Borland: Object to the form.

The Witness: I'm not sure.

By Ms. Pruitt;

Q. What are you asking for, Mr. Price, as a plaintiff in this class action, as far as a remedy?

A. I don't know that the suit itself – and it may – because there is a lot of legal mumbo jumbo. But I don't know that it is specifying like, you know, to solve this is "X", "Y", or "Z".

Q. Do you know whether the lawsuit is requesting any monetary damages from USAA?

A. What do you mean by "monetary damages"?

. . .

Q. Do you have any duty or responsibility as it relates to the other class members in this case?

Mr. Borland: I object to the form.

The Witness: I guess when I say I don't understand the question, I'm not sure if I do or don't. But it doesn't make any sense – maybe its supposed to, but it doesn't really make sense to me.

. . .

Q. Okay. Have you thought about how you intend to handle the cost of this lawsuit?

A. No.

. . .

Q. What happens if you lose this lawsuit, will you have to pay anything?

A. I don't know.

. . .

Q. Did you agree to be a class representative in this lawsuit?

A. I'm not sure exactly what that means.

Q. You don't know whether you agreed to be a class representative or not?

A. I'm not sure what that means.

Q. Why didn't you simply file an individual lawsuit, just for you?

A. I think the question you are asking is relative to the strategy that I discussed with my lawyers in regards to how we should pursue this.

Q. Okay. Do you have any understanding of what will happen in this lawsuit if class certification is denied?

-11-

    A.  No.
. . .
Q.  Do you believe that you should get a larger payment than other class members because you are a class representative?
A.  I guess I would like to think I could or would, but I have no idea what – I don't know how that works, and didn't really ask.
Q.  Okay.
A.  It's not something I pursued as part of this suit.
. . .
Q.  How many times have you met with your lawyers in person about this litigation?
A.  I think – I think two or three.  It could be more.
. . .

(Doc. 53-3 at pgs. 51-56).

"Rule 23(a)(4) permits certification of a class action only if the representative 'will fairly and adequately protect the interests of the class.' Fed.R.Civ.P. 23(a)(4)." Rattray v. Woodbury County, IA., 614 F.3d 831, 835 (8th Cir. 2010).  "A district court must "evaluate carefully the legitimacy of the named plaintiff's plea that he is a proper class representative under Rule 23(a).'" In re Milk Products Antitrust Litigation, 195 F.3d 430, 436 (8th Cir. 1999), cert. denied, 120 S.Ct. 1534 (2000), quoting from General Tel. Co. v. Falcon, 457 U.S. 147, 160, (1983). "The inquiry into adequacy of representation, in particular, requires the district court's close scrutiny, because the purpose of Rule 23(a)(4) is to ensure due process for absent class members, who generally are bound by a judgment rendered in a class action." Rattray, 614 F.3d at 835. The Court is accorded broad discretion to decide whether certification is appropriate, and the Eighth Circuit "will reverse only for abuse of that discretion." Id.  Plaintiff bears the burden in this case of proving that he will adequately represent the class, and the Court must decide whether Rule 23(a)(4) is satisfied "through balancing 'the convenience of maintaining a class

-12-